UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY DOWDY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00700-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum and Order

This matter is before the Court on Movant Gregory Dowdy's response to the Court's Show Cause Order.  Doc. 6.  In his response, Dowdy argues that his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed.  *Id.*  Having carefully reviewed Dowdy's response, the Court dismisses this action as time-barred.  *See* 28 U.S.C. § 2255(f)(1).

On December 11, 2019, Dowdy pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *United States v. Dowdy*, No. 4:19-cr-00525-SRC, Docs. 24–25.  On March 12, 2020, the Court sentenced Dowdy to 78 months' imprisonment and three years' supervised release.  *Id.* at Doc. 37.  Dowdy did not appeal.

Dowdy, proceeding pro se, initiated this suit on May 8, 2023.  Doc. 1.  On June 5, 2023, the Court directed the Clerk of Court to send Dowdy the Court-provided form for filing § 2255 motions so that Dowdy could file an Amended Motion to Vacate containing all his § 2255 claims.  Dowdy filed an Amended Motion to Vacate, dated June 25, 2023.[1]  Doc. 4.

---

[1] As noted in the Court's Show Cause Order issued on July 19, 2023, the amended motion to vacate, Doc. 4, relates back to the date of the original pleading.  *See* Fed. R. Civ. P. 15(c).

On July 19, 2023, the Court reviewed Dowdy's Amended Motion to Vacate and determined that it appears time-barred under the one-year period of limitation set forth in 28 U.S.C. § 2255(f)(1). Doc. 5. A criminal judgment that is not appealed becomes final—for purposes of calculating the time limit for filing a motion under § 2255—when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008*)*; *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In this case, the judgment became final on March 26, 2020—fourteen days after the judgment was entered. *See* Fed. R. App. P. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on March 26, 2021; however, Dowdy did not file his Motion to Vacate until May 8, 2023, more than two years late. *See* Doc. 1. Nevertheless, Dowdy argues in his Amended Motion to Vacate, as well as his response to the Court's Show Cause Order, that his Motion to Vacate is timely based on the United States Supreme Court's decision, *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (issued on June 21, 2019). Doc. 4 at p. 11 and Doc. 6.

Even assuming—without deciding—the Supreme Court recognized a new constitutional right that applies retroactively to cases on collateral review, and that the case applies to the facts of Dowdy's case here, then Dowdy's limitation period under § 2255(f)(3) would have started on June 21, 2019, when the Supreme Court decided *Rehaif*, and the limitation period expired one year later, on June 22, 2020. Dowdy did not file his initial § 2255 motion in this matter until May 8, 2023. Doc. 1. Although the Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing," *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005), Dowdy has not provided any grounds for equitable tolling in his pleadings or in his response to the Court's Show Cause Order. *See* Docs. 1, 4, 6. As such, the Court finds Dowdy's

Motion to Vacate and Amended Motion to Vacate barred by the statute of limitations.  *See* 28 U.S.C. § 2255(f)(1).

The Court has considered whether to issue a certificate of appealability.  To do so, the Court must find a substantial showing of the denial of a federal constitutional right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "Substantial showing" means a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Dowdy has made no such showing, and the Court therefore does not issue a certificate of appealability.

Accordingly, the Court dismisses, as time-barred under 28 U.S.C. § 2255(f)(1), Movant Gregory Dowdy's Motion to Vacate, Doc. 1, and his Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, Doc. 4.

So Ordered this 30th day of August 2023.

_____<br>
STEPHEN R. CLARK<br>
CHIEF UNITED STATES DISTRICT JUDGE